UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>QR Properties, LLC<br><br>                    Debtor | Chapter 11<br>Case No.   10-45514-MSH |

**Motion for Authority to Incur Secured Debt, to Enter into
Postpetition Financing Arrangement, and to Grant Liens
<u>Pursuant to Bankruptcy Code Section 364(d)</u>**

    QR Properties, LLC (the "Debtor"), the debtor-in-possession in the above-captioned proceeding, hereby moves for an order authorizing it to incur secured debt and to grant liens pursuant to 11 U.S.C. §364(d).  In support of its motion the Debtor states as follows:

    1.    On November 3, 2011 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under chapter 11 of title 11 of the United States Code (the "Code") in the United States Bankruptcy Court for the District of Massachusetts (the "Court").

    2.    The Debtor continues to operate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Code.

    3.    The Debtor is a Massachusetts limited liability company.

    4.    The Debtor is the owner of real property consisting of all of the land located in Acton, Middlesex County, Massachusetts, which is shown on a Plan of Land entitled "The Residences at Quail Ridge" located at 354B Great Road and Skyline Drive, Acton, Massachusetts (the "Premises").

    5.    The Premises, which contain approximately 156 acres, currently contains an 18 hole golf course.

    6.    On or about January 6, 2005, Quail Ridge Country Club, LLC ("Quail Ridge")

entered into, executed and delivered to Webster Bank an Amended and Restated Promissory Note dated January 6, 2005 in the original principal amount of Ten Million Five Hundred Thousand and 00/100 Dollars ($10,500,000.00).  Also on or about January 6, 2005, Quail Ridge entered into, executed and delivered to Webster Bank an Amended and Restated Mortgage and Security Agreement (the "Mortgage") dated January 6, 2005 which was recorded on January 7, 2005 in the Middlesex South District Registry of Deeds in Book 44443, Page 308.

7. Webster Bank has alleged in a motion for relief from stay, that the obligations owed to it secured by its mortgage on the Premises totaled $7,815,527.16 as of November 4, 2010, including principal in the amount of $7,452,952.44.

8. The Debtor has scheduled the Town of Acton as holding statutory lien claim in the amount of $114,344.45.

9. The Debtor has scheduled the following claims as claims secured by mortgages on the Premises: Brie Consulting Corp. ($1,408,302.00), Craig Palmer ($64,036.00), Gloria W. Palmer, Trustee of the Palmer Family Trust ($3,900,000.00), John L. Spencer ($64,036.00), Lia Grasso ($812,754.00), Mario F. Rolla ($3,127,876.00), Peabody Family Investments, LLC ($1,114,000.00), Philip M. Miller, Jr. ($625,526.00) and William B. McPherson, III ($635,000.00) (collectively, the "Junior Lien Holders").

10. On or about February 23, 2009, the Debtor acquired the Premises from Quail Ridge, subject to the lien claims of the Town of Acton, Webster Bank and the Junior Lien Holders.

11.  Pursuant to an Amended and Restated Security Agreement dated January 6, 2005, Quail Ridge Country Club LLC granted a security interest to Webster Bank in essentially all of Quail Ridge Country Club LLC's personal property.

12.  There is no UCC financing statement on record at the Secretary of State's Office which names either Quail Ridge Country Club LLC or QR Properties LLC as the borrower.

13.  QR submits that its personal property, which its schedules state includes furniture fixtures and equipment with an estimated value of $35,000, is not the subject of any perfected security interest.

14.  On March 1, 2011, the Debtor and Pulte Homes of New England, LLC ("Pulte") entered into a Purchase and Sale Agreement (the "Agreement").

15.  The Agreement provides, among other things, that, subject to the approval of the Court, Pulte will pay the sum of $7,350,000.00 (the "Base Purchase Price") to the Debtor for the Premises, as well as additional amounts (the "Additional Purchase Price") to be calculated in accordance with a formula set forth in the Agreement.

16.  The Agreement requires, among other things, that the Debtor obtain certain permits and assign them to Pulte to enable Pulte to construct the development known as "The Residences at Quail Ridge" on the Premises, which includes 174 housing units to be constructed on Lot 1 (the "Project").

17.  Construction of the Project will require the use of 9 of the 18 holes on the existing golf course.

18.  The Agreement further provides that, in the event that Pulte elects not to convey the remaining 9 golf course to the town of Acton or its nominee, a non-profit entity

managed by the Debtor may lease the Golf Course and Clubhouse Facilities from Pulte (following the sale to Pulte) for $1.00 per year and further provides that if the Debtor has leased and continuously operated the golf course and clubhouse facilities and the Buyer has not conveyed the golf course to the Town of Acton or its nominee, the Debtor shall, in the event that the Town of Acton does not accept the conveyance of the golf course and/or clubhouse facilities, have the right to have the golf course (the remaining 9 holes) and the clubhouse facilities located on Lot 2 conveyed to it or its nominee for $100, 180 days after the last to occur: (a) the completion of the Project and; (b) all of the Buyers (Pulte's) bonds have been released by the Town of Acton and; (c) all units have been sold to third parties.

19. The Agreement requires that the Debtor obtain confirmation of a Plan which authorizes the conveyance of the Premises to Pulte. The Debtor filed its plan and disclosure statement on March 3, 2011.

20. The Debtor estimates that it will require approximately $100,000.00 to pay for certain engineering work required as a condition of the permit issued by the Town of Acton for the construction of the Project and for engineering work which will be required in connection with a permit to be issued which will authorize the construction of a sewage treatment plant as part of the Project.

21. The Debtor further estimates that it may require as much as $100,000.00 for consulting fees to be paid primarily to Ronald Peabody. Ronald Peabody was the manager of Quail Ridge Country Club LLC and has been involved with the Premises since it was acquired by Quail Ridge Country Club LLC and through the process of developing and

opening the golf course and the subsequent permitting process for the project.[1] The services to be rendered by Ronald Peabody will include assisting the Debtor in complying with its obligations under the Agreement to provide Pulte with all past permitting documentation having to do with the housing permit and original golf course, assisting the Debtor in complying certain conditions related to the permit issued by the Town of Acton in order to obtain final approval of that permit as well as completing the process of obtaining the permit for the sewage treatment plant, including the management of engineers and other professionals, obtaining final approvals of the Project from the Massachusetts Highway Commission and the Massachusetts Historical Society, assisting Palmer Golf Management with opening and operating the golf course and representing the Debtor in connection with the due diligence to be conducted by Pulte prior to the closing of the sale contemplated by the Agreement.

22.    Prior to the filing of the Petition, the Debtor had, in 2009 and 2010, leased the golf course and the clubhouse located on the Premises to QR Members, LLC (an organization of the members of the Quail Ridge Country Club) for $1 per year.  QR Members, LLC operated the golf course and club house in 2009 and 2010.  QR Members, LLC has declined to enter into a similar arrangement with the Debtor for the 2011 season.

23.    In order to insure that the golf course is opened for the 2011 season and to comply with its obligations under the Agreement, the Debtor has tentatively agreed to

---

[1] Ronald Peabody is a co-obligor with the Debtor and Quail Ridge Country Club LLC on the obligations to Webster Bank.  Peabody is neither a member nor the manager of the Debtor and has never had any membership interest in the Debtor.  Peabody Family Investments, LLC, which has a membership interest in the Debtor, is owned and controlled by Peabody's family and Peabody has no ownership interest in that entity.

enter into an arrangement with Palmer Golf Management, LLC[2] to open and manage the golf course for the 2011 season. Palmer Golf Management, LLC requires $50,000.00 to open and operate the golf course and clubhouse until sufficient funds become available from the operations to fund the further operation of the course. The Debtor has agreed to lend $50,000.00 to Palmer Golf Management, LLC in order to have the course opened and operated for the 2011 season.

24. The Debtor has essentially no funds.

25. In order to be able to lend $50,000 to Palmer Golf Management to enable it to open and operate the golf course and clubhouse facilities, and to pay the engineering costs to be able to finalize and assign the permits to Pulte, the Debtor needs to raise as much as $250,000.

26. Brie Consulting Corp., Gloria Palmer, Trustee Palmer Family Trust, Lia Grasso, M.F. Rolla, Peabody Family Investments, LLC, Phillip Miller and William McPherson (collectively the "Lender") has agreed to lend the sum of up to $250,000 to the Debtor ("the Postpetition Loan") for the above-described purposes upon the terms and conditions set forth herein.

27. Brie Consulting Corp., Gloria Palmer, Trustee Palmer Family Trust, Lia Grasso, M.F. Rolla, Peabody Family Investments, LLC, Phillip Miller and William McPherson are the members of the Debtor (and Mr. Rolla is the managing member) and Junior Lien Holders.

28. The Postpetition Loan will accrue interest at a rate of 5% per annum and will be due and payable upon the earliest to occur of the Effective Date of any confirmed plan in

---

[2] Craig Palmer is the manager of Palmer Golf Management, LLC and is also a junior lien holder

this chapter 11 case, the date of any conversion of the case to chapter 7 or dismissal of the case or October 1, 2011.

29. The Postpetition Loan will be evidenced by such notes, mortgages, assignments, and other security documents as may be required by the Lender (the "Postpetition Loan Papers"), to accomplish the following:

  (a) a first priority security interest and lien in and to all personal property of the Debtor, whether now or hereafter existing; and

  (b) a first priority mortgage and lien on all real property of the Debtor.

30. The Debtor presently is unable to borrow funds on a secured or an unsecured basis under any conditions set forth in section 364(a), (b) or (c) of the Code. The Debtor will be able to borrow additional funds under conditions set out in section 364(d) from the Lender only if the following conditions are satisfied:

(a) Any and all Postpetition Loans or other extensions of credit made by the Lender with approval by this Court after the Commencement Date shall be secured by a valid, perfected, and enforceable first priority lien, mortgage, and security interest in all of the presently existing, hereafter acquired, arising, or created real and personal property of the Debtor

(b) No costs or expenses of administration which have been or may be incurred in this chapter 11 case or in any other bankruptcy case related hereto, and no priority or other claims are or will be prior to or on a parity with the claim of the Lender against the Debtor and its estate pursuant to the Postpetition Loan and the Postpetition Loan Papers, and no such costs or expenses of administration shall be imposed upon or against the

and creditor of the Debtor.

Lender related to its claim against the Debtor and its estate;

(c) To evidence and secure the new indebtedness incurred by the Debtor for the Postpetition Loans made by the Lender and the applicable rate of interest thereon, the Debtor must be authorized to execute and deliver to the Lender whatever Postpetition Loan Papers the Lender reasonably may require;

(d) All acts of the Debtor pertaining to the contemplated transactions with the Lender shall be binding on any successor to the Debtor, including, but not limited to, any Debtor, debtor in possession, or trustee appointed under any chapter of the Code.

31. It is necessary to consummate the financing arrangements set forth herein, because the Debtor will otherwise be unable to complete the permitting process and sell the Premises pursuant to the Agreement and will be unable to open or operate the golf course.

32. The Debtor submits that, with respect to a lien to be granted on its personal property there are no perfected liens on its personal property and no adequate protection need be provided.

33. The Debtor submits that, with respect to its real property, the Junior Lienholders are effectively unsecured creditors as the current value of the real property is less than the amounts owed to the Town of Acton and Webster Bank.

34. The Debtor submits that the Town of Acton and Webster Bank's interest in the real property will be adequately protected by the increased value of the real property to be created by the completion of the permitting process which will enable the Debtor to sell the real property as a fully permitted for the development of 174 housing units instead of as an 18 hole golf course.

35. WHEREFORE, the Debtor respectfully requests entry of an order authorizing it to

incur secured debt by borrowing from the Lender under the terms and conditions set forth herein,

                               QR PROPERTIES, LLC
                               By its attorneys,

                               /s/Joseph G. Butler
                               Joseph G. Butler (BBO # 544284)
                               Barron & Stadfeld, PC
                               100 Cambridge Street
                               Boston, MA 02114
                               (617) 723-9800
                               jgb@barronstad.com

Dated:   March 25, 2011

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| In re:                |                               |
|-----------------------|-------------------------------|
| QR Properties, LLC    | Chapter 11                    |
|                       | Case No.   10-45514-MSH       |
| Debtor                |                               |

<u>CERTIFICATE OF SERVICE</u>

    I, Joseph G. Butler, of Barron & Stadfeld, P.C., do hereby certify that on March 25, 2011, I served the Motion for Authority to Incur Secured Debt, to Enter Into Postpetition Financing Arrangement and to Grant Liens Pursuant to Bankruptcy Code Section 364(d) on the persons on the attached service list by mailing a copy of the same by first class mail, postage prepaid or as otherwise indicated.

    Signed under the penalties of perjury, March 25, 2011.

<u>/s/ Joseph G. Butler</u>
Joseph G. Butler

Service List
QR Properties, LLC Case No.

Via ECF

- Stephen Izzi    sizzi@mosesafonso.com

- Mark B. Johnson    mark@jbllclaw.com

- Richard King    USTPRegion01.WO.ECF@USDOJ.GOV

Via First Class Mail

A. Peter Anderson
815 Depot Rd.
Boxborough, MA 01719

Brie Consulting Corp
c/o Ronayne Hackling & Rolla
441 Sawmill River Road
Yonkers, NY 10701

Craig Palmer
8 Franklin Place
Acton, MA 01720

Gloria W. Palmer, Trustee
Palmer Family Trust
352 Great Road
Acton, MA 01720

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114

John L. Spencer
40 Lewis Farm Road
Duxbury, MA 02332

Lia Grasso
PO Box 454
Waccabuc, NY 10597

Lia Grasso
24 Waccabuc River Lane
South Salem, NY 10590

MA Dept of Revenue
Bankruptcy Unit
PO Box 9564
Boston, MA 02114-9564

Mario F. Rolla
7 Thompson Road
Hubbardston, MA 01452

Peabody Family Investments, LLC
PO Box 434
Bolton, MA 01740

Philip M. Miller, Jr.
PO Box 726
Falmouth, MA 02541

Quail Ridge Country Club, LLC
354B Great Road
Acton, MA 01720

Ronald B. Peabody
PO Box 434
Bolton, MA 01740

Town of Acton
Office of Tax Collector
472 Main street
Acton, MA 01720

Webster Bank, N.A.
One First Fed Park
Swansea, MA 02777

William B McPherson III
50 Bay Point Path
Marshfield, MA 02050

QR Members LLC
Attn LLC Manager
354B Great Road and Skyline Drive
Acton, MA 01720

Christopher C. Tsouros
Posternak Blankstein Lund
800 Boylston Street
Boston, MA 02199