UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

*In re*  
**QR Properties, LLC,**

    **Debtor**

**Chapter 11**  
**Case No. 10-45514   (MSH)**

### CONTESTED MATTER PREHEARING ORDER

**Evidentiary Hearing On #96 Chapter 11 Debtor-In-Possession's Objections to Claims** ((2) Gregory A. Hulecki, (3)Susan and Stephen Muller, (11) John J. Granahan, (12) Robert F. Granahan, (21) John Bogan, (22) Eric Schurr, (23) Patrick Morley, (24) Ron Nordin, (27) Deborah Reed, (29) Mike Fitzgerald, (30) James Heller, (31) James Pomposelli, (33) Steve Heller, (34) Jerry Eaton, (35 and 36) Chris Manning, (37) Peter Manning Sr.) and Oral Response (at hearing of 10/12/2011) of Gregory Hulecki and Susan Muller and #106 Joint Response of Ron Nordin, Patrick Morley, Eric Schurr, John Bogan and Response and Opposition of #107 Robert F. and John J. Granahan and #108 Deborah Reed and #110 Peter Manning Sr., Peter Manning, Jr., Chris Manning, Jerry Eaton, Steve Heller, James Pomposelli and Mike Fitzgerald.

1. The Court enters this order in an effort to expedite the disposition of the matter, discourage wasteful pretrial activities and improve the quality of the trial through thorough preparation.

2. The parties are ordered to confer as soon as possible pursuant to Fed.R.Civ.P.26, made applicable to this proceeding by Fed.R.Bankr.P.7026, no later than **fourteen (14) days** from the date of this Order.

3. The parties shall file within **twenty (20) days** of the Rule 26(f) conference a certification that the Rule 26(f) conference has taken place, as well as a written report outlining a proposed discovery plan including all topics covered by Rule 26(f). **The written report shall state that the parties have complied with the automatic disclosure provisions of Rule 26(a)(1) and (2) or contain an explanation of why the parties have not yet complied as well as a description of what actions the parties are taking to comply with Rule 26(a)(1) and (2).**

    **The written report shall also contain the estimated length of trial.**

4. Discovery shall be completed by **February 29, 2012**, unless the Court, upon appropriate motion and/or consideration of the discovery plan, alters the time and manner of discovery.

Counsel are reminded that pursuant to Local Rule 7026-1(c), all discovery motions must be accompanied by a certification that the moving party has made a reasonable good faith effort to reach an agreement with the opposing party on the matter that is the subject of the motion.

5. The parties are ordered to file by **March 30, 2012**, a Joint Pretrial Memorandum approved by all counsel and unrepresented parties, which shall set forth the following:

   (A) The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

   (B) A list of witnesses whose testimony is expected to be presented by means of a deposition and, if taken stenographically, a transcript of the pertinent portions of the deposition testimony.

   (C) A list of witnesses intended to be called as experts, together with any statement(s) as to an objection to their qualification.

   (D) An appropriate identification (pre-numeration) of each document or other exhibit, other than those to be used for impeachment, in the sequence in which they will be offered, including summaries of other evidence, separately identifying those exhibits which the party expects to offer and those which the party may offer if the need arises.

   **Parties shall bring sufficient copies of all exhibits to Court for trial so that a copy is available for the Court, the Courtroom Deputy, the witness and all counsel. Exhibits shall be assembled in notebooks tabbed with appropriate exhibit numbers and shall be available at the commencement of trial.**

   **JUDGE HOFFMAN'S COURTROOM IS NOW EQUIPPED WITH AN ELECTRONIC EVIDENCE PRESENTATION SYSTEM FOR YOUR EASE AND CONVENIENCE IN DISPLAYING TRIAL EXHIBITS. WE INVITE ALL ATTORNEYS TO MAKE USE OF THIS EQUIPMENT. PLEASE CONTACT HALINA MAGEROWSKI FOR THE PARTICULARS AND A DEMONSTRATION. Halina_Magerowski@mab.uscourts.gov or call at (508) 770-8927.**

   **Counsel may, but need not, file trial briefs, which shall be filed seven (7) days prior to trial.**

   **Counsel may be required to submit proposed findings of fact and conclusions of law at the conclusion of trial.**

    (E)    A statement of any objection, together with the grounds therefor, reserved as to the admissibility of a deposition designated by another party and/or to the admissibility of documents or exhibits. Objections not so disclosed, other than objection under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

    (F)    A statement confirming that the parties have exchanged copies of the exhibits.

    (G)    Facts which are admitted and which require no proof.

    (H)    The issues of fact which remain to be litigated (evidence at trial shall be limited to these issues).

    (I)    The issues of law to be determined.

    (J)    A brief statement summarizing the Plaintiff's case.

    (K)    A brief statement summarizing the Defendant's case.

    (L)    **Any revisions of the estimated length of trial since the filing of the written report required under #3 above.**

6.    Failure to strictly comply with all of the provisions of this order may result in the automatic entry of a dismissal or a default as the circumstances warrant in accordance with Fed. R. Civ. P. 16, made applicable to this proceeding by Fed. R. Bankr. P. 7016.

7.    **A final pretrial conference is scheduled for <u>Thursday, April 19, 2012 at 2:00 P.M.</u>**

    **An evidentiary hearing is scheduled for <u>Wednesday, May 2, 2012 at 9:30 A.M.</u>**

At Worcester, Massachusetts this 17th day of October, 2011.

_[signature]_

Melvin S. Hoffman
United States Bankruptcy Judge

O:\TEMPLATE\JBRPretrialOrder.wpt